2011 ME 25

**STATE of Maine**

v.

**Shawn A. WOODBURY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 27, 2011.

Decided: March 1, 2011.

Jeffrey M. Silverstein, Esq., Bangor, ME, for Shawn Woodbury.

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist. Atty., Bangor, ME, for the State.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1] Shawn A. Woodbury appeals from a judgment of conviction following a jury trial entered by the Superior Court (Penobscot County, *Anderson, J.*) on one count of operating after habitual offender revocation (Class D), 29–A M.R.S. § 2557–A(2)(A) (2010). Woodbury argues that his Sixth Amendment right to confront witnesses was violated when the court admitted the portion of a Secretary of State's certificate that stated that Woodbury's "right to operate was revoked" at the time he was stopped for operating a vehicle "because the statutory conditions for restoration had not been satisfied." We affirm the judgment.

[¶ 2] "Only testimonial statements are subject to exclusion by the Confrontation Clause," and the "trial court's legal conclusion that the statements in the certificate were nontestimonial, and thus admissible, is reviewed de novo." *State v. Ducasse*, 2010 ME 117, ¶¶ 8, 10, 8 A.3d 1252, 1254.

[¶ 3] Contrary to Woodbury's contention and consistent with our recent jurisprudence, the challenged language, essentially stating that Woodbury's license was revoked according to Secretary of State records on the relevant date, does not violate the Confrontation Clause or the United States Supreme Court's decisions in *Crawford v. Washington*, 541 U.S. 36, 51–52, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) and *Melendez–Diaz v. Massa-*

*chusetts*, 557 U.S. ——, ——, 129 S.Ct. 2527, 2531–32, 2537, 2538–40, 174 L.Ed.2d 314 (2009). *See State v. Gilman*, 2010 ME 35, ¶¶ 7, 29–31, 993 A.2d 14, 17, 23–24 (holding that the admission of the Secretary of State's certificate at the appellant's trial for operating after habitual offender revocation did not violate the appellant's rights under the Confrontation Clause on the grounds that the certificate stated, among other things, that the appellant's privilege to operate was under revocation when he was stopped); *see also Ducasse*, 2010 ME 117, ¶¶ 12–13, 8 A.3d at 1255–56 (holding that admission of a certificate of compliance did not violate the appellant's Confrontation Clause rights); *State v. Murphy*, 2010 ME 28, ¶¶ 1, 5, 19–26, 991 A.2d 35, 35–36, 37, 41–44 (holding that admission of Secretary of State's certificate as prima facie proof that notice of suspension had been sent to the appellant did not violate the Confrontation Clause); *State v. Tayman*, 2008 ME 177, ¶¶ 1, 12, 24–25, 960 A.2d 1151, 1152, 1155, 1158 (same).

The entry is:

Judgment affirmed.