MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 143
Docket:        Ken-16-36
Argued:        March 3, 2017
Decided:       July 6, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

ROLAND L. CUMMINGS

SAUFLEY, C.J.

[¶1]  Aurele Fecteau, a ninety-two-year-old retiree living alone in his own home in Waterville, was stabbed to death in his bed during a burglary. Roland L. Cummings was found guilty by a jury of the murder, along with two other crimes.  Cummings appeals only from the judgment of conviction of murder entered by the court (Kennebec County, *Murphy, J.*) after a trial in which the State presented the murder charge on alternative theories— intentional or knowing murder and depraved indifference murder.  Cummings argues that the evidence was insufficient to support the finding that he was the person who committed the murder, and in the alternative, he argues that, due to the evidence of sixteen stab wounds to Fecteau's torso, the killing was so certainly a knowing or intentional murder that the jury should not have

been instructed on depraved indifference murder. Thus, he contends that the court erred in allowing the State to proceed on alternative theories. We affirm the judgment.

## I. BACKGROUND

[¶2]   Cummings appeals from the judgment of conviction of murder, 17-A M.R.S. § 201(1)(A), (B) (2016). He does not challenge his additional convictions of burglary of a dwelling (Class B), 17-A M.R.S. § 401(1)(A), (B)(4) (2016), and theft by unauthorized taking or transfer (Class C), 17-A M.R.S. § 353(1)(A), (B)(6) (2016).

[¶3]   When the evidence is viewed in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt with respect to the murder conviction. *See State v. Maine*, 2017 ME 25, ¶¶ 2, 28, 155 A.3d 871. On May 21, 2014, Cummings forced his way into Fecteau's home. Cummings knew Fecteau, who was the father of one of his friends. Cummings stabbed Fecteau sixteen times in the torso, causing his death; took money and jewelry; and fled. That night, Cummings sold two pieces of the stolen jewelry and used a $100 bill stolen from Fecteau to purchase drugs. He also paid a debt to an acquaintance for drugs using half-dollar coins stolen from Fecteau's home.

[¶4]   One of Fecteau's sons, after unsuccessfully trying to reach his father by phone on May 22 and 23, went to his father's house on May 23.  He discovered his father's body, and the police began an investigation.

[¶5]   In June 2014, Cummings was charged by complaint with a single count of murder alleging intentional or knowing murder or depraved indifference murder.  *See* 17-A M.R.S. § 201(1)(A), (B).  Later that month, he was charged by indictment with murder, *id.*; burglary of a dwelling (Class B), *id.* § 401(1)(A), (B)(4); burglary (Class B), 17-A M.R.S. § 401(1)(A), (B)(2) (2016); and theft (Class C), *id.* § 353(1)(A), (B)(6).

[¶6]   The court held a six-day jury trial from November 12 to 19, 2015.  The State's case included testimony from a Maine Crime Lab DNA analyst, who found Cummings's DNA on the out-turned pockets of Fecteau's pants and on one of the rings stolen from Fecteau.  After the State presented its case, Cummings unsuccessfully moved for a judgment of acquittal on all counts.  *See* M.R.U. Crim. P. 29(a).  Cummings presented additional evidence but did not testify.  With the State's consent, the court acquitted Cummings of the second burglary count.

[¶7]   Before the court instructed the jury, Cummings objected to the proposed jury instructions on murder, arguing that the evidence could not

4

support a finding of depraved indifference, and he again moved for a judgment of acquittal. The court overruled the objection and denied the motion.

[¶8] The State and Cummings offered closing arguments, after which the court delivered instructions to the jury orally and in writing. With respect to the murder charge, the court instructed on the alternative theories of intentional or knowing murder and depraved indifference murder.

[¶9] The jury found Cummings guilty of murder, burglary of a dwelling, and theft. Cummings moved for a new trial, and the court denied his motion. *See* M.R.U. Crim. P. 33.

[¶10] After a sentencing hearing, the court sentenced Cummings to life imprisonment for murder, ten years' imprisonment for burglary, and two years' imprisonment for theft, with the burglary and theft sentences to be served concurrently with the murder sentence. The court ordered Cummings to pay $4,500 to the Victims' Compensation Fund to reimburse the fund for a portion of the Fecteau family's funeral expenses. Cummings appealed from the judgment of conviction of murder and applied for review of his sentence.

*See* 15 M.R.S. §§ 2115, 2151 (2016);[1] M.R. App. P. 2, 20.  The Sentence Review Panel denied his application for sentence review.  *State v. Cummings*, No. SRP-16-37 (Me. Sent. Rev. Panel Mar. 29, 2016); *see* 15 M.R.S. § 2152 (2016); M.R. App. P. 20(f).  We now consider Cummings's appeal.

## II.  DISCUSSION

A.      Sufficiency of the Evidence that Cummings Killed Fecteau

[¶11]  Cummings first argues that there was insufficient evidence for the jury to find him guilty of murder because his DNA was found only on a stolen ring and on the pockets of pants recovered from Fecteau's apartment— not on Fecteau's body—and his possession of stolen items cannot establish that he killed Fecteau.

[¶12]  "When reviewing a judgment for sufficiency of the evidence, we view the evidence in the light most favorable to the State [to] determin[e] whether the fact-finder could rationally have found each element of the offense beyond a reasonable doubt."  *Maine*, 2017 ME 25, ¶ 28, 155 A.3d 871 (alterations in original) (quotation marks omitted).  We defer to all credibility determinations and reasonable inferences drawn by the fact-finder, "even if

---

[1] Section 2151 of title 15 was recently amended to reference the Maine Rules of *Unified* Criminal Procedure.  *See* P.L. 2015, ch. 431, § 26 (effective July 29, 2016) (codified at 15 M.R.S. § 2151(2) (2016)).

those inferences are contradicted by parts of the direct evidence." *Id.* (quotation marks omitted).

[¶13] Relevant here, a "person is guilty of murder if the person:

**A.** Intentionally or knowingly causes the death of another human being; [or]

**B.** Engages in conduct that manifests a depraved indifference to the value of human life and that in fact causes the death of another human being." 17-A M.R.S. § 201(1).

[¶14] On the record presented, there is more than sufficient evidence from which the jury rationally could find, based on reasonable inferences drawn from circumstantial and DNA evidence connecting Cummings with the murder and burglary, that Cummings was the person who caused Fecteau's death. *See* 17-A M.R.S. §§ 35(1)(A), (2)(A), 201(1)(A) (2016); *Maine*, 2017 ME 25, ¶ 28, 155 A.3d 871; *see also State v. Belhumeur*, 2015 ME 150, ¶ 6, 128 A.3d 646 (stating that the same standard of review is applied whether the evidence is circumstantial or direct). The remaining question is whether depraved indifference murder was properly submitted to the jury as an alternative to intentional or knowing murder.

B.      Alternative Charge of Depraved Indifference Murder

[¶15]   Cummings argues that the sixteen stab wounds inflicted on Fecteau were so likely to cause death that they could only have been inflicted with the conscious object to cause death or with knowledge that death was practically certain to result.  *See* 17-A M.R.S. §§ 35(1)(A), (2)(A), 201(1)(A). He therefore contends that the evidence can demonstrate only intentional or knowing murder—not depraved indifference murder, *id.* § 201(1)(B)—and that because one or more of the jurors may have improperly found him guilty based on depraved indifference, the conviction must be vacated for a lack of unanimity.

[¶16]   With respect to questions of law, including the construction of statutes, our review is de novo.  *See State v. Kendall*, 2016 ME 147, ¶ 14, 148 A.3d 1230; *State v. Kimball*, 2016 ME 75, ¶ 10, 139 A.3d 914.  "A person acts intentionally with respect to a result of the person's conduct when it is the person's conscious object to cause such a result," whereas "[a] person acts knowingly with respect to a result of the person's conduct when the person is aware that it is practically certain that the person's conduct will cause such a result."   17-A M.R.S. § 35(1)(A), (2)(A).   A person acts with "depraved indifference to the value of human life" in Maine if the person's "conduct,

objectively viewed, created such a high tendency to produce death that the law attributes to him the highest degree of blameworthiness." *State v. Saenz*, 2016 ME 159, ¶ 23, 150 A.3d 331 (quotation marks omitted).

[¶17]  To find a defendant guilty of depraved indifference murder, "the adjudicator must conclude that the defendant consciously . . . engaged in conduct that he should have known would create a very high degree of risk of death or serious bodily injury and it must also under the circumstances [have been] unjustifiable for him to take the risk."  *Id.* (alterations in original) (quotation marks omitted).  "Put differently, death-producing conduct will justify a verdict of guilty of depraved indifference murder if a jury could find that that conduct was so heinous in the eyes of the law as to constitute murder." *Id.* (quotation marks omitted).

[¶18]  The depraved indifference murder statute, section 201(1)(B), has replaced a common law definition of murder that allowed a fact-finder to convict a person of murder upon "proof of conduct which *objectively evaluated* is characterized by a high death producing potential." *State v. Woodbury*, 403 A.2d 1166, 1172-73 (Me. 1979) (quotation marks omitted).  Depraved indifference is derived from the concept of "implied malice," which is distinct from the state of mind characterized by the Criminal Code as recklessness

because recklessness requires a *subjective* awareness of a risk. *Id.* at 1172-73 & n.9.

[¶19] We have not construed depraved indifference as incorporating a culpable mental state. Instead, we have construed section 201(1)(B) "to deal with those few instances in which, although the defendant did not act intentionally or knowingly, *his conduct, objectively viewed*, created such a high tendency to produce death that the law attributes to him the highest degree of blameworthiness." *State v. Lagasse*, 410 A.2d 537, 540 (Me. 1980) (emphasis added); *see also State v. Thongsavanh*, 2007 ME 20, ¶ 38, 915 A.2d 421 ("The offense does not require evidence of a defendant's subjective state of mind.").

[¶20] Because direct evidence of a defendant's intent or knowledge can be difficult to obtain, the State may charge depraved indifference murder as an alternative to intentional or knowing murder, in a single count, in cases where the defendant's intent is not known when the defendant is charged. *See State v. Hickey*, 459 A.2d 573, 581-82 (Me. 1983); *Lagasse*, 410 A.2d at 540. If, after the evidence has been presented, the evidence could not establish depraved indifference murder, the court "may decline to instruct on the depraved indifference charge." *Hickey*, 459 A.2d at 582. When there are disputed facts regarding the defendant's knowledge or intent at the close of

evidence, however, the fact-finder must determine if the State has proved the elements of either form of murder, whether based on an inference of the defendant's knowledge or intentions, or, in those cases where it exists, direct evidence of the defendant's state of mind; or based on an objective view of the nature of the conduct. *See, e.g.*, *State v. True*, 2017 ME 2, ¶¶ 1, 3, 21, 153 A.3d 106 (affirming a murder conviction pursuant to section 201(1)(A) or (B) when the evidence showed that the defendant punched and kicked the victim while another man stabbed the victim in the back of the neck and choked him with a brake cable); *State v. Erskine*, 2006 ME 5, ¶¶ 6-7, 9-11, 889 A.2d 312 (affirming a murder conviction pursuant to section 201(1)(A) or (B) when the evidence showed that the victim suffered a head injury consistent with the use of a hammer, found in the defendant's apartment, on which the victim's DNA was discovered).

[¶21] Because depraved indifference murder may be charged and tried as an alternative to intentional or knowing murder in a single charge, *see Erskine*, 2006 ME 5, ¶ 19, 889 A.2d 312, a unanimous verdict can be reached even if individual jurors disagree about whether the murder was an intentional or knowing murder or a depraved indifference murder, *id.*, as long as the evidence presented to the jury is sufficient to support each of the

alternative theories, *see id.*; *Maine*, 2017 ME 25, ¶ 28, 155 A.3d 871.  Each juror, or the court as fact-finder in a jury-waived trial, thus determines whether (1) the State proved beyond a reasonable doubt that the defendant acted knowingly or intentionally in killing another person; (2) the State proved beyond a reasonable doubt that the conduct, although not undertaken with the intent to kill or with knowledge that the conduct was practically certain to cause death, demonstrated a depraved indifference to the value of human life; or (3)  the State failed to prove either theory beyond a reasonable doubt.  17-A M.R.S. §§ 35(1)(A), (2)(A), 201(1)(A), (B).

[¶22]  Contrary to Cummings's argument, the repeated stabbing that is reflected in the evidence here could be directly probative of whether Cummings's actions manifested a depraved indifference to the value of human life. *See id.* § 201(1)(B).  It was exclusively within the jury's province to decide whether Cummings intended to kill Fecteau, was aware that his conduct would practically certainly result in Fecteau's death, or killed Fecteau through conduct manifesting a depraved indifference to the value of human life.  *See id.* §§ 35(1)(A), (2)(A), 201(1)(A), (B).  As we have held, "the alternative theories of committing murder, through either intentionally or knowingly causing the death of another or by engaging in conduct that manifests a depraved

indifference to the value of human life and that in fact causes the death of another, are permissible alternatives and not separate offenses." *Erskine*, 2006 ME 5, ¶ 19, 889 A.2d 312. The jurors need not unanimously agree on the theory of murder that they found was proved. *See id.*

[¶23] The evidence presented here, taken in its entirety, could support more than one theory of murder. Specifically, a juror could rationally find—based on the evidence presented—that Cummings stabbed Fecteau repeatedly (1) with the conscious object to cause Fecteau's death, (2) with the knowledge that Fecteau's death was practically certain to result from his conduct, or (3) without intent or knowledge but manifesting a depraved indifference to the value of human life. 17-A M.R.S. §§ 35(1)(A), (2)(A), 201(1)(A), (B). A juror finding that the stabbings did not demonstrate a knowing or intentional murder could nonetheless find, for instance, that Cummings intended to incapacitate Fecteau to facilitate the burglary, or had a frenzied reaction to Fecteau waking up during the burglary, and repeatedly stabbed him, which, "objectively viewed, created such a high tendency to produce death that the law attributes to [the defendant] the highest degree of blameworthiness." *Saenz*, 2016 ME 159, ¶ 23, 150 A.3d 331 (quotation marks omitted); *see* 17-A M.R.S. § 201(1)(B).

[¶24]  In sum, depraved indifference murder was properly charged as an alternative to intentional or knowing murder in a single count, *see Erskine*, 2006 ME 5, ¶ 19, 889 A.2d 312, and the evidence was sufficient to support any of the alternative theories of murder.  We discern no error in the jury instructions or the resulting jury verdict and conviction.

The entry is:

Judgment affirmed.

Tina Heather Nadeau, Esq. (orally), The Law Office of Tina Heather Nadeau, PLLC, Portland, for appellant Roland L. Cummings

Janet T. Mills, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2014-600
For Clerk Reference Only