MAINE SUPREME JUDICIAL COURT                     Reporter of Decisions
Decision:    2018 ME 17
Docket:      Aro-17-166
Argued:      November 14, 2017
Decided:     January 25, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

MACIE N. JONES

GORMAN, J.

[¶1]  Macie N. Jones appeals from a judgment of conviction for unlawful trafficking of a schedule W drug (Class B), 17-A M.R.S. §§ 1102(1)(A), 1103(1-A)(A) (2017), entered by the trial court (Aroostook County, *Stewart, J.*) after a jury trial.  Jones argues that 17-A M.R.S. § 1112 (2017) is facially unconstitutional and that the court's admission of a lab certificate in lieu of live witness testimony pursuant to that statute was a violation of her right of confrontation.  We conclude that section 1112 is facially constitutional, and we affirm the judgment.

I.  BACKGROUND

[¶2]  Viewing the evidence presented at trial in the light most favorable to the State, the jury rationally could have found the following facts beyond a

reasonable doubt. *See State v. Cummings*, 2017 ME 143, ¶ 12, 166 A.3d 996. On December 16, 2015, an agent with the Maine Drug Enforcement Agency arranged to use a confidential informant to make a controlled purchase of methamphetamine from a man who was the subject of an investigation. The purchase took place in Jones's vehicle, where Jones was present. During the transaction, Jones made various incriminating statements regarding her involvement in producing and selling methamphetamine, including that the drug the informant was purchasing was "better than anything we've made." Jones later admitted to law enforcement that she had been involved with obtaining the ingredients for and producing methamphetamine.

[¶3] Jones was indicted for unlawful trafficking of a schedule W drug (methamphetamine) (Class B), 17-A M.R.S. §§ 1102(1)(A), 1103(1-A)(A). She pleaded not guilty to the charge.

[¶4] The court conducted a jury trial on February 3, 2017. In its witness list provided before trial, the State named a forensic chemist as one of the witnesses it "may call" at trial. At trial, the State instead sought admission of the chemist's certificate stating that a drug analysis established that the substance the informant purchased on December 16, 2015, was in fact 136.1 milligrams of methamphetamine. The court admitted the certificate over

Jones's objection, reasoning that Jones had not provided ten days' notice of her request for live testimony of the chemist in accordance with 17-A M.R.S. § 1112.

[¶5]  The jury found Jones guilty of the offense.  The court entered a judgment on the verdict, sentencing Jones to forty-two months in prison with all but fifteen months suspended; two years of probation; and $635 in fines, restitution, and fees.  Jones appeals.

## II.  DISCUSSION

[¶6]  The sole matter at issue is the court's admission of the lab certificate identifying the substance exchanged in the controlled purchase as methamphetamine.  The court admitted the lab certificate in lieu of the chemist's testimony pursuant to 17-A M.R.S. § 1112, which provides that a drug analysis certificate "is admissible in evidence in a court of the State, and gives rise to a permissible inference . . . that the composition, quality and quantity of the drug or substance are as stated in the certificate, unless, within 10 days['] written notice to the prosecution, the defendant requests that a qualified witness" provide live testimony of those facts.[1]  17-A M.R.S.

---

[1] Title 17-A M.R.S. § 1112 (2017) provides, in its entirety, as follows:

**§ 1112. Analysis of scheduled drugs**

§ 1112(1); *see State v. Navarro*, 621 A.2d 408, 412 (Me. 1993) ("Once the defendant requests a qualified witness, the certificate is neither admissible nor prima facie evidence of the composition, quality, and quantity of the drug or substance stated therein. Once the request is made, the State has the burden of producing a witness who can testify as to the analysis procedures and results." (citation omitted) (quotation marks omitted)). Jones agrees that she did not request, within ten days before trial, that the State produce a live witness to identify the drug, and therefore does not appear to challenge the State's or the court's compliance with section 1112. Rather, Jones contends that section 1112 is facially unconstitutional in that it violates the Confrontation Clause as interpreted by the United States Supreme Court in

---

**1.** A laboratory that receives a drug or substance from a law enforcement officer or agency for analysis as a scheduled drug shall, if it is capable of so doing, analyze the same as requested by a method designed to accurately determine the composition of the substance, including by chemical means, visual examination, or both, and shall issue a certificate stating the results of the analysis. The certificate, when duly signed and sworn to by a person certified as qualified for this purpose by the Department of Health and Human Services under certification standards set by that department, is admissible in evidence in a court of the State, and gives rise to a permissible inference under the Maine Rules of Evidence, Rule 303 that the composition, quality and quantity of the drug or substance are as stated in the certificate, unless, within 10 days['] written notice to the prosecution, the defendant requests that a qualified witness testify as to the composition, quality and quantity.

**2.** Transfers of drugs and substances to and from a laboratory for purposes of analysis under this chapter may be by certified or registered mail, and when so made shall be deemed to comply with all the requirements regarding the continuity of custody of physical evidence.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). *See* U.S. Const. amend. VI.

[¶7] We review de novo the constitutionality of a statute, *Doe v. Williams*, 2013 ME 24, ¶ 11, 61 A.3d 718, giving the statute a "heavy presumption of constitutionality," *League of Women Voters v. Sec'y of State*, 683 A.2d 769, 771 (Me. 1996). As the party challenging the facial constitutionality of the statute, it is Jones's burden to establish, beyond a reasonable doubt, that there is "no set of circumstances" in which the statute may operate in a constitutional manner. *Guardianship of Chamberlain*, 2015 ME 76, ¶ 10, 118 A.3d 229 (quotation marks omitted); *see League of Women Voters*, 683 A.2d at 771-72.

A.    Confrontation Clause Rights

[¶8] The Confrontation Clause—applicable to the states through the Fourteenth Amendment—requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[2] U.S. Const. amends. VI, XIV; *see Melendez-Diaz*, 557 U.S. at 309; *State v. Murphy*, 2010 ME 28, ¶ 9, 991 A.2d 35. The Supreme Court has characterized the Confrontation Clause as a "procedural rather than a substantive

---

[2] The Maine Constitution similarly provides that "[i]n all criminal prosecutions, the accused shall have a right . . . [t]o be confronted by the witnesses against the accused." Me. Const. art. I, § 6.

6

guarantee," stating, "It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2004); *see Murphy*, 2010 ME 28, ¶ 11, 991 A.2d 35. To that end, the Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53-54.

[¶9] The Supreme Court has further clarified what is "testimonial" according to the nature and purpose of the evidence, defining "testimony" as any "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51 (quotation marks omitted). Thus, the "core class of testimonial statements" includes (1) "*ex parte* in-court testimony or its functional equivalent" such as "affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially"; (2) "extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement

would be available for use at a later trial." *Id*. at 51-52 (alteration omitted) (quotation marks omitted).

[¶10] In *Melendez-Diaz*, the Supreme Court considered the Confrontation Clause implications of a Massachusetts statute that allowed prosecutors to have admitted in evidence a certificate of the lab analysis identifying the quality, quantity, and type of drugs in lieu of the live testimony of the chemist who performed that analysis. 557 U.S. at 308-09. In that case, the defendant was charged with distributing and trafficking in cocaine. *Id.* at 308. At trial, the prosecution offered three "certificates of analysis" from forensic analysts at the state laboratory, identifying as cocaine the substance found in the defendant's possession during a search. *Id.* (quotation marks omitted). In accordance with the statute, the court admitted the certificates as prima facie evidence of the composition, quality, and quantity of the substance analyzed. *Id.* at 308-09. The defendant was convicted of the offenses without any live testimony as to the type and quantity of drugs seized from him. *Id.* at 309.

[¶11] The Supreme Court determined that the certificates—sworn to before a notary public—were "quite plainly affidavits," and therefore constituted testimonial statements subject to Confrontation Clause protection.

8

*Id.* at 308, 310. The Court therefore concluded that, as with any other forms of testimony, "[a]bsent a showing that the analysts were unavailable to testify at trial *and* that [the defendant] had a prior opportunity to cross-examine them, [the defendant] was entitled to be confronted with the analysts at trial." *Id.* at 311 (quotation marks omitted). On that basis, the Supreme Court reversed the defendant's conviction and remanded for a new trial. *Id.* at 329.

[¶12] We have not had occasion to consider, in the wake of *Melendez-Diaz*, the admission of a lab certificate identifying a controlled substance.[3] We now conclude that, in terms of its testimonial nature, the certificate at issue here is legally indistinguishable from that analyzed in

---

[3] We have distinguished *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), in several matters in which we concluded that the evidence at issue was not testimonial. *State v. Woodbury*, 2011 ME 25, ¶¶ 1-3, 13 A.3d 1204 (Secretary of State certificates containing information about driver's license suspensions or revocations); *State v. Gilman*, 2010 ME 35, ¶¶ 7, 29-31, 993 A.2d 14 (same); *State v. Murphy*, 2010 ME 28, ¶¶ 1, 21-26, 991 A.2d 35 (same); *see State v. Kimball*, 2015 ME 67, ¶¶ 22-30, 117 A.3d 585 (9-1-1 recordings and statements to emergency medical personnel); *State v. Abdi*, 2015 ME 23, ¶¶ 23-26, 112 A.3d 360 (housing forms); *State v. Ducasse*, 2010 ME 117, ¶¶ 4-5, 13, 8 A.3d 1252 (a blood-alcohol kit manufacturer's certificate of compliance as to manufacturing specifications); *see also State v. Mercier*, 2014 ME 28, ¶¶ 9-14, 87 A.3d 700 (live testimony of a medical examiner); *State v. Mitchell*, 2010 ME 73, ¶¶ 13, 18, 20, 40-47, 4 A.3d 478 (same).

In another case, we considered Maine's second notice-and-demand statute, 29-A M.R.S. § 2431(1), (2)(D) (2017), which allows the admission of a blood, urine, or breath test result in the context of motor vehicle offenses unless the defendant requests a live witness at least ten days before trial. *State v. Tozier*, 2015 ME 57, ¶¶ 7-21, 115 A.3d 1240. We interpreted the results of a self-contained breath-alcohol testing apparatus known as an "Intoxilyzer" as nontestimonial because they did not involve "laboratory work and conclusions of an analyst in lieu of the analyst's actual testimony": "Unlike such a report drafted by a laboratory analyst who operates sophisticated scientific testing equipment, . . . the only actions reflected in a certificate generated by a self-contained breath-alcohol machine are the internal actions of the machine itself." *Id.* ¶¶ 2, 21-22.

*Melendez-Diaz*. It identifies, after testing, that the substance obtained in the controlled purchase was 136.1 milligrams of methamphetamine. It is also signed and attested to by a State-certified chemist, who prepared the analysis at the request of the Maine Drug Enforcement Agency. In short, it is the type of certificate—or, more precisely, affidavit—that the Supreme Court declared is testimonial in *Melendez-Diaz*. 557 U.S. at 310; *see State v. Tozier*, 2015 ME 57, ¶ 20, 115 A.3d 1240 ("Confrontation Clause jurisprudence is concerned with the absence of those witnesses whose actions played a role in the generation of test results."). Because it is testimonial, its admission triggers the protection of the Confrontation Clause, which requires that the attesting person—the State chemist—must have been both unavailable and subject to prior cross-examination by Jones. *See Melendez-Diaz*, 557 U.S. at 309-10. Here, there is no suggestion in the record that the chemist was unavailable or subject to prior cross-examination by Jones.

B.     Waiver of Right of Confrontation

[¶13]    That Jones has a constitutional right, as spelled out in *Melendez-Diaz*, to confront the State's chemist at trial is not the end of the inquiry, however. As the Supreme Court and we have recognized on numerous occasions, a defendant may waive any right, including one of

constitutional dimension. *See, e.g.*, *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *State v. Hill*, 2014 ME 16, ¶ 5, 86 A.3d 628; *State v. Ericson*, 2011 ME 28, ¶ 15, 13 A.3d 777. "Waiver occurs when a defendant voluntarily, knowingly, and intentionally relinquishes or abandons a known right." *State v. True*, 2017 ME 2, ¶ 14, 153 A.3d 106; *see Shatzer*, 559 U.S. at 104. Nevertheless, a waiver of a constitutional right need not be express in the record, *State v. Murphy*, 2015 ME 62, ¶ 21, 124 A.3d 647, and may instead be inferred based on the defendant's conduct given the totality of the circumstances, *Ericson*, 2011 ME 28, ¶ 16, 13 A.3d 777. *See Melendez-Diaz*, 557 U.S. at 325-26 & n.10 (mentioning "forfeit[ure] by silence"); *State v. Watson*, 2006 ME 80, ¶ 27, 900 A.2d 702 ("As with the right to jury trial, the right to counsel may be waived by a defendant's inaction."); *State v. Caulfield*, 722 N.W.2d 304, 311 (Minn. 2016) ("[C]onfrontation rights are not among those . . . that require an affirmative waiver in writing or on the record."). A defendant is also not relieved from complying with "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence" just because there is a constitutional right at stake. *Ericson*, 2011 ME 28, ¶ 17, 13 A.3d 777 (quotation marks omitted).

[¶14]  To verify that a defendant did voluntarily, knowingly, and intentionally relinquish a right, we review any express or implicit factual findings regarding such waiver for clear error, and we review de novo the legal conclusion based on those facts.  *Hill*, 2014 ME 16, ¶ 5, 86 A.3d 628.  Although it did not phrase it as such, the court in this matter essentially concluded that Jones waived her right to confront the State chemist when she failed to request a live witness at least ten days before trial.  Because there is no factual dispute that Jones did not make any such request, the only issue before us is the legal conclusion that her failure to do so constitutes a voluntary, knowing, and intentional waiver.

[¶15]  In *Melendez-Diaz*, the Supreme Court recognized so-called "notice-and-demand statutes" as a means by which a defendant may waive Confrontation Clause rights.  557 U.S. at 326.  The Court characterized notice-and-demand statutes, "[i]n their simplest form, [to] require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial."  *Id.*  The Supreme Court approved the use of such notice-and-demand statutes, reasoning that states are "free to adopt

procedural rules governing objections," such statutes maintain the burden on the defendant to raise a timely Confrontation Clause objection, and "[t]here is no conceivable reason" why a defendant cannot be required to exercise her Confrontation Clause rights in advance of trial. *Id.* at 327 & n.12.

[¶16] The State contends that section 1112 constitutes just such a statute, but Jones argues that the provision does not constitute the *type* of notice-and-demand statute that the Supreme Court sanctioned as a constitutional means for enforcing a defendant's waiver of her Confrontation Clause rights because it does not require the State to inform a defendant of its intent to offer a certificate at trial in lieu of live testimony.

[¶17] Although the Supreme Court did not purport to sanction every possible form of notice-and-demand statute, it did cite the notice-and-demand statutes of Georgia, Ohio, and Texas as examples of provisions that comply with Confrontation Clause requirements. *Id.* at 326, 327 n.12; *see* Ga. Code Ann. § 35-3-154.1 (LEXIS through 2017 Regular Sess. of the Gen. Assemb.); Ohio Rev. Code Ann. § 2925.51 (LEXIS through legis. passed by the 132nd Gen. Assemb.); Tex. Code Crim. Proc. Ann. art. 38.41 (LEXIS through 2017 Regular

Sess. and 1st C.S., 85th Leg.). We review each of these three statutes deemed constitutional by the Supreme Court, and we compare them to section 1112.[4]

[¶18] Georgia's statute provides that the prosecutor must serve the defendant with a copy of a lab report "prior to" trial. Ga. Code Ann. § 35-3-154.1(c)-(d). If the defendant objects in writing at least ten days before trial, the court "shall require" the witness to testify in person and the prosecution may not use the report as prima facie evidence of its contents. Ga. Code Ann. § 35-3-154.1(e).

[¶19] Ohio's notice-and-demand statute also provides that the prosecution must serve the defendant with a copy of the report "prior to" trial. Ohio Rev. Code Ann. § 2925.51(B). If the defendant serves on the prosecution a demand for live testimony within seven days after receipt of the report, the report may not be used as prima facie evidence of its contents. Ohio Rev. Code Ann. § 2925.51(C).

[¶20] Similarly, Texas's notice-and-demand statute provides that the prosecution must file the certificate of analysis with the court and serve it on

---

[4] The complete text of each of the three statutes is reproduced in Appendix A to this opinion.

14

the defendant at least twenty days before trial.[5]  Tex. Code Crim. Proc. Ann. art. 38.41, § 4.  The certificate is not admissible if the defendant files a written objection to the use of the certificate at least ten days before trial.  Tex. Code Crim. Proc. Ann. art. 38.41, § 4.

[¶21]  In terms of notice, all three statutes share the requirement that the prosecutor provide the defendant with a copy of the certificate before trial.[6]  All three statutes require the prosecution to provide notice of the existence and contents of the report, and to serve the report on the defendant or her counsel before trial, but none specifically requires the prosecution to notify the defendant that it intends to use the report in lieu of live testimony

---

[5]  Texas's notice-and-demand statute has been amended since *Melendez-Diaz* was issued in 2009, but those amendments do not affect the analysis undertaken in *Melendez-Diaz* or in the instant matter.  *See* 2013 Tex. Gen. Laws 78 (West) (effective May 18, 2013).

[6]  Each of the statutes also contains minimum requirements for the contents of the report—e.g., the name of the analyst, that the laboratory is accredited, a summary of the analyst's education and experience, and a description of the procedures used.  Ga. Code Ann. § 35-3-154.1(b) (LEXIS through 2017 Regular Sess. of the Gen. Assemb.); Ohio Rev. Code Ann. § 2925.51(A) (LEXIS through legis. passed by the 132nd Gen. Assemb.); Tex. Code Crim. Proc. Ann. art. 38.41, §§ 3, 5 (LEXIS through 2017 Regular Sess. and 1st C.S., 85th Leg.).  The Supreme Court gave no hint, however, that the contents of the report itself are relevant to a Confrontation Clause analysis beyond the determination of whether the report is testimonial.  *See Melendez-Diaz*, 557 U.S. at 310, 326-28.  In any event, 17-A M.R.S. § 1112 shares the requirements that the certificate be signed and sworn to by a person qualified to issue such results according to Department of Health and Human Services certification standards, and that the analysis was conducted using "a method designed to accurately determine the composition of the substance."  Section 1112 is therefore indistinguishable on this basis.

at trial.[7] Ga. Code Ann. § 35-3-154.1(c); Ohio Rev. Code Ann. § 2925.51(B); Tex. Code Crim. Proc. Ann. art. 38.41, § 4. Further, Georgia requires service on the defendant only "prior to" trial, even though it also requires the defendant to demand a live witness within a certain number of days (ten days) before trial.[8] Ga. Code Ann. § 35-3-154.1(c), (e); *see* Ohio Rev. Code Ann. § 2925.51(B) (requiring service on the defendant "prior to" trial).

[¶22] Unlike the notice-and-demand statutes of Georgia, Ohio, and Texas, section 1112 does not require the State to *serve* the defendant with a copy of the certificate of analysis, but another Maine provision— M.R.U. Crim. P. 16—does require the State to provide a copy to the defendant. Rule 16 requires the State to provide automatic discovery to the defendant, including "[a]ny reports or statements of experts, made in connection with the particular case, including results of . . . scientific tests, experiments, or comparisons." M.R.U. Crim. P. 16(a)(2)(G). For a Class B offense such as the

---

[7] All three comparison statutes set the timeline for service of the report according to the proximity to trial; Georgia requires that it must be served on the defendant "prior to the first proceeding in which the report is to be used against the defendant," Ga. Code Ann. § 35-3-154.1(c) (LEXIS through 2017 Regular Sess. of the Gen. Assemb.); Ohio requires that it must be served "prior to any proceeding in which the report is to be used against the accused," Ohio Rev. Code Ann. § 2925.51(B) (LEXIS through legis. passed by the 132nd Gen. Assemb.); and Texas requires that it must be served "[n]ot later than the 20th day before the trial begins in a proceeding in which a certificate of analysis under this article is to be introduced," Tex. Code Crim. Proc. Ann. art. 38.41, § 4 (LEXIS through 2017 Regular Sess. and 1st C.S., 85th Leg.).

[8] Texas requires the prosecution to serve the report on the defendant at least twenty days before trial. Tex. Code Crim. Proc. Ann. art. 38.41, § 4.

16

one with which Jones was charged, the State must provide such materials at the initial appearance or arraignment, or within fourteen days after that material "comes within the possession or control of the attorney for the State."[9] M.R.U. Crim. P. 16(b)(1), (3)-(5).

[¶23] Although it is true that section 1112 does not require the State to notify the defendant that it intends to introduce the certificate in lieu of live testimony, neither do the notice-and-demand statutes of Georgia, Ohio, and Texas. Defendant's argument that she was unaware that the State intended to use the certificate, despite having received a copy of it in discovery, therefore provides no support for her contention that section 1112 is facially unconstitutional.

[¶24] Thus, section 1112, in combination with Rule 16, provides a defendant in Maine with precisely the same notice and within at least the same time constraints as the Georgia and Ohio statutes.[10]

---

[9] Jones does not argue that the State violated the automatic discovery requirements of M.R.U. Crim. P. 16.

[10] There is no reason to distinguish section 1112 from the others we discuss based on the fact that the notice requirement derives from rule rather than statute. In Colorado, for example, the notice-and-demand statute contains no mention of the notice the prosecutor is to provide the defendant regarding its use of a lab report at trial, but requires the defendant to request live testimony at least fourteen days before trial. Colo. Rev. Stat. § 16-3-309(5) (LEXIS through 71st Gen. Assemb.). The Colorado Supreme Court held that its statute was constitutional notwithstanding *Melendez-Diaz*, reasoning that "providing the defense with a forensic lab report through discovery is sufficient to put the defendant on notice that, absent a specific request under [the notice-and-demand statute], the report can be introduced without live testimony." *Cropper v.*

[¶25]  In terms of demand, Georgia and Texas share the requirement that the defendant object in writing to the admission of the report at least ten days before trial.[11]  Ga. Code Ann. § 35-3-154.1(e); Tex. Code Crim. Proc. Ann. art. 38.41, § 4.  Maine's demand provision is indistinguishable; section 1112 requires the defendant to provide at least ten days' written notice to the prosecution that she requests a live witness to testify regarding the analysis results.[12]  17-A M.R.S. § 1112(1).

---

*People*, 251 P.3d 434, 434-37 (Colo.  2011).  In Iowa as well, the notice-and-demand statute requires that the county attorney must provide a copy of any such lab results "whether or not such findings are to be used in evidence against the accused person," Iowa Code Ann. § 691.4 (LEXIS through legis. from the 2017 Regular Sess. of the 87th Gen. Assemb.), just as M.R.U. Crim. P. 16(a)(1) requires disclosure of such discovery without regard for its intended use at trial. Similarly, in South Carolina, the admissibility of lab reports is set out entirely by rule rather than statute.  S.C. R. Crim. P. 6.

   [11]  Ohio requires that the accused demand a live witness within seven days after receipt of the report.  Ohio Rev. Code Ann. § 2925.51(C) (LEXIS through legis. passed by the 132nd Gen. Assemb.).

   [12]  The fact that the State identified a chemist on its witness list did not absolve Jones of her responsibility to assert her Confrontation Clause rights in a timely fashion.  *See Cropper*, 251 P.3d at 437-48 & nn.5-6 ("Regardless of any representations that the prosecution made that the technician would testify, [the defendant] had notice of the presence of the report and had an adequate opportunity to assert [the defendant's] confrontation rights and request that the technician be present for cross-examination."); *see also Jones v. State*, No. CACR11-19, 2011 Ark. App. LEXIS 724, at **8 (Ark. Ct. App. Nov. 9, 2011) ("Appellant cites no authority for his argument that he was excused from the notice requirement because the analyst appeared on the prosecution's witness list.").  Nevertheless, to avoid the need for a defendant in every case to make a prophylactic request for a live witness, the best practice is for the State to inform the defendant at the dispositional conference whether it intends to call the chemist as a witness or rely on the lab certificate alone. *See* M.R.U. Crim. P. 18.  Further, although section 1112 contains no time frame for the State's obligation to provide the certificate to the defendant, Rule 16 does.  The State's failure to provide the certificate in compliance with Rule 16 may result in a sanction for violation of the discovery rule or, at a minimum, a continuance of trial to allow the defendant to timely request that the State produce a witness.  *See* M.R.U. Crim. P. 16(e); *State v. Carr*, 2012 ME 136, ¶ 9, 58 A.3d 1102; *see also* Iowa Code Ann. § 691.4 (stating that if the county attorney does not provide a copy of the report at least four days before trial, "such fact shall be grounds for a continuance").

18

[¶26] We conclude that section 1112 is legally indistinguishable from the notice-and-demand statutes that the Supreme Court in *Melendez-Diaz* specifically deemed constitutional on Confrontation Clause grounds. We therefore decline Jones's request to declare section 1112 facially unconstitutional on this basis.[13] Jones's failure to timely demand a live witness pursuant to section 1112 effected a voluntary, knowing, and intentional waiver of her known Confrontation Clause rights, and the court

---

[13] Nor are we persuaded by the State's argument that a defendant waives her right of confrontation by failing to indicate that she has a "genuine intention to challenge the conclusions contained in the report of an analyst." Specifically, the State points out that Jones "did not provide the trial court with an offer of proof that the drugs in questions were not methamphetamine, that the State's chemist was not competent, used flawed science to test the drugs, or that in some way the live testimony of the chemist would be expected to be compromised."

This argument rests on a misreading of *Melendez-Diaz*. In its opinion, the Supreme Court expressly declined to discuss the constitutionality of notice-and-demand statutes that require a defendant's good cause for demanding a live witness. 557 U.S. at 327 n.12. The Supreme Court's discussion of the Confrontation Clause is also devoid of any mention of the defendant's duty to mount an actual challenge to the testimony in question. *See id.* at 309-11; *see also State v. Laturner*, 218 P.3d 23, 32-40 (Kan. 2009) (invalidating that portion of Kansas's former notice-and-demand statute that required the defendant to demonstrate the grounds for his objection to the admission of a certificate in lieu of live testimony and his intent to actually cross-examine the witness at trial); *City of Reno v. Howard*, 318 P.3d 1063, 1064 (Nev. 2014) (declaring that the Nevada statute's "substantial-and-bona-fide-dispute requirement impermissibly burdens the right to confront the declarant"). It is the defendant's *right* to cross-examine, not her actual intent to do so, that is the crux of the Confrontation Clause. *See Melendez-Diaz*, 557 U.S. at 309. Furthermore, section 1112 contains no requirement that the defendant demonstrate the nature or extent of her anticipated challenge to lab analysis results to justify her request for the live testimony of the chemist, and we decline to impute one into the statute.

Rather than making enforcement of Confrontation Clause rights dependent on the defendant's intent to mount a genuine challenge to the live witness's testimony, the Supreme Court has simply *encouraged* patience—"[W]e do not cast aspersions on trial judges, who we trust will not be antagonized by good-faith requests for analysts' appearance at trial"—and *discouraged* inefficiency—"We simply do not expect defense attorneys to believe that their clients' interests (or their own) are furthered by objections to analysts' reports whose conclusions counsel have no intention of challenging." *Id.* at 328 n.13.

therefore did not err by allowing the State to introduce at trial the chemist's certificate in lieu of live testimony.

The entry is:

Judgment affirmed.

---

John W. Tebbetts, Esq. (orally), Presque Isle, for appellant Macie Jones

John M. Pluto, Asst. Dist. Atty. (orally), Prosecutorial District No. 8, Caribou, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2016-106
FOR CLERK REFERENCE ONLY

## APPENDIX A

Ga. Code Ann. § 35-3-154.1
(LEXIS through 2017 Regular Sess. of the Gen. Assemb.)

## § 35-3-154.1. Admission of reports from state crime laboratory

**(a)** A copy of a report of the methods and findings of any examination or analysis conducted by an employee of the state crime laboratory or an employee of a laboratory with which the state crime laboratory has a contract for the provision of laboratory or scientific examination or analysis, authenticated under oath, is prima-facie evidence in court proceedings in this state of the facts contained therein.

**(b)** The report shall have the effect as if the person who performed the analysis or examination had personally testified and shall have an affidavit of the employee stating:

   **(1)** That he or she is certified to perform the requisite analysis or examination;

   **(2)** His or her experience as a chemist or analyst and as an expert witness testifying in court; and

   **(3)** That he or she conducted the tests shown on the report using procedures approved by the bureau and the report accurately reflects his or her opinion regarding the results.

**(c)** The prosecuting attorney shall serve a copy on the defendant's attorney of record, or on the defendant if pro se, prior to the first proceeding in which the report is to be used against the defendant.

**(d)** Any report under this Code section shall contain notice of the right to demand the testimony of the person signing the report.

**(e)** The defendant may object in writing any time after service of the report, but at least ten days prior to trial, to the introduction of the

report. If objection is made, the judge shall require the employee to be present to testify. The state shall diligently investigate the witness's availability and report to the court. If the witness is not available on a timely basis, the court shall grant a continuance.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ohio Rev. Code Ann. § 2925.51
(LEXIS through legis. passed by the 132nd Gen. Assemb.)

## § 2925.51 Laboratory report as evidence; requirements; violation.

**(A)** In any criminal prosecution for a violation of this chapter or Chapter 3719. of the Revised Code, a laboratory report from the bureau of criminal identification and investigation, a laboratory operated by another law enforcement agency, or a laboratory established by or under the authority of an institution of higher education that has its main campus in this state and that is accredited by the association of American universities or the north central association of colleges and secondary schools, primarily for the purpose of providing scientific services to law enforcement agencies and signed by the person performing the analysis, stating that the substance that is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance and that it contains any amount of a controlled substance and the number and description of unit dosages, is prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance. In any criminal prosecution for a violation of section 2925.041 of the Revised Code or a violation of this chapter or Chapter 3719. of the Revised Code that is based on the possession of chemicals sufficient to produce a compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V, a laboratory report from the bureau or from any laboratory that is operated or established as described in this division that is signed by the person performing the analysis, stating that the substances that are the basis of the alleged offense have been weighed and analyzed and stating the findings as to the content, weight, and

identity of each of the substances, is prima-facie evidence of the content, identity, and weight of the substances.

Attached to that report shall be a copy of a notarized statement by the signer of the report giving the name of the signer and stating that the signer is an employee of the laboratory issuing the report and that performing the analysis is a part of the signer's regular duties, and giving an outline of the signer's education, training, and experience for performing an analysis of materials included under this section. The signer shall attest that scientifically accepted tests were performed with due caution, and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory.

**(B)** The prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney, prior to any proceeding in which the report is to be used against the accused other than at a preliminary hearing or grand jury proceeding where the report may be used without having been previously served upon the accused.

**(C)** The report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit dosages of the substance if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report. The time may be extended by a trial judge in the interests of justice.

**(D)** Any report issued for use under this section shall contain notice of the right of the accused to demand, and the manner in which the accused shall demand, the testimony of the person signing the report.

**(E)** Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is, or of each of the substances that are, the basis of

the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if the accused is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is, or of each of the substances that are, the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance or substances. The prosecuting attorney shall provide the accused's analyst with the sample portion at least fourteen days prior to trial, unless the trial is to be held in a court not of record or unless the accused person is charged with a minor misdemeanor, in which case the prosecuting attorney shall provide the accused's analyst with the sample portion at least three days prior to trial. If the prosecuting attorney determines that such a sample portion cannot be preserved and given to the accused's analyst, the prosecuting attorney shall so inform the accused person or his attorney. In such a circumstance, the accused person is entitled, upon written request made to the prosecuting attorney, to have the accused's privately employed or court appointed analyst present at an analysis of the substance that is, or the substances that are, the basis of the alleged violation, and, upon further written request, to receive copies of all recorded scientific data that result from the analysis and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the identity of the substance or substances subject to the analysis.

**(F)** In addition to the rights provided under division (E) of this section, any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code, other than a minor misdemeanor violation, that involves marihuana, is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the

basis of the alleged violation. Also, the accused person is entitled, upon further written request, to receive copies of all recorded scientific data that result from the measurement or weighing and that can be used by an analyst in arriving at conclusions, findings, or opinions concerning the weight, volume, or number of unit doses of the substance subject to the measurement or weighing.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tex. Code Crim. Proc. Ann. art. 38.41
(LEXIS through 2017 Regular Sess. and 1st C.S., 85th Leg.)

## Art. 38.41. Certificate of Analysis.

**Sec. 1.** A certificate of analysis that complies with this article is admissible in evidence on behalf of the state or the defendant to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court.

**Sec. 2.** This article does not limit the right of a party to summon a witness or to introduce admissible evidence relevant to the results of the analysis.

**Sec. 3.** A certificate of analysis under this article must contain the following information certified under oath:

**(1)** the names of the analyst and the laboratory employing the analyst;

**(2)** a statement that the laboratory employing the analyst is accredited by a nationally recognized board or association that accredits crime laboratories;

**(3)** a description of the analyst's educational background, training, and experience;

**(4)** a statement that the analyst's duties of employment included the analysis of physical evidence for one or more law enforcement agencies;

**(5)** a description of the tests or procedures conducted by the analyst;

**(6)** a statement that the tests or procedures used were reliable and approved by the laboratory employing the analyst; and

**(7)** the results of the analysis.

**Sec. 4.** Not later than the 20th day before the trial begins in a proceeding in which a certificate of analysis under this article is to be introduced, the certificate must be filed with the clerk of the court and a copy must be provided by fax, secure electronic mail, hand delivery, or certified mail, return receipt requested, to the opposing party. The certificate is not admissible under Section 1 if, not later than the 10th day before the trial begins, the opposing party files a written objection to the use of the certificate with the clerk of the court and provides a copy of the objection by fax, secure electronic mail, hand delivery, or certified mail, return receipt requested, to the offering party.

**Sec. 5.** A certificate of analysis is sufficient for purposes of this article if it uses the following form or if it otherwise substantially complies with this article:

### CERTIFICATE OF ANALYSIS

BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, stated as follows:

My name is _____. I am of sound mind, over the age of 18 years, capable of making this affidavit, and personally acquainted with the facts stated in this affidavit.

I am employed by the _____, which was authorized to conduct the analysis referenced in this affidavit. Part of my duties for this laboratory involved the analysis of physical evidence for one or more law enforcement agencies. This laboratory is accredited by _____.

My educational background is as follows: (description of educational background)

My training and experience that qualify me to perform the tests or procedures referred to in this affidavit and determine the results of those tests or procedures are as follows: (description of training and experience)

I received the physical evidence listed on laboratory report no. _____ (attached) on the _____day of _____, 20_____. On the date indicated in the laboratory report, I conducted the following tests or procedures on the physical evidence: (description of tests and procedures)

The tests and procedures used were reliable and approved by the laboratory. The results are as indicated on the lab report.

_____

Affiant

SWORN TO AND SUBSCRIBED before me on the _____day of _____, 20_____.

_____

Notary Public, State of Texas