MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2020 ME 102
Docket:        Han-19-396
Argued:        July 15, 2020
Decided:       August 6, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

STATE OF MAINE

v.

JALIQUE S. KEENE

GORMAN, J.

[¶1] Jalique S. Keene appeals from a judgment of conviction of intentional or knowing or depraved indifference murder, 17-A M.R.S. § 201(1)(A), (B) (2020), and gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A) (2020), entered by the trial court (Hancock County, *R. Murray, J.*) on a jury verdict. He challenges the court's failure to transfer venue, the sufficiency of the evidence supporting his conviction, and his ultimate sentence. We affirm the judgment.

I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the State, the jury rationally could have found the following facts beyond a reasonable doubt. *See State v. Gatto*, 2020 ME 61, ¶ 16, --- A.3d ---. In the early morning hours of June 1, 2018, Keene and the victim went together to the grounds of an

2

elementary school across the street from the victim's home in Bar Harbor. While there, Keene sexually assaulted the victim and then killed her; she died as a result of strangulation and blunt force head trauma.

[¶3] Keene was indicted for intentional or knowing or depraved indifference murder, 17-A M.R.S. § 201(1)(A), (B), and gross sexual assault (Class A), 17-A M.R.S. § 253(1)(A). A jury found Keene guilty of both charges, and the court entered a judgment on the verdict, sentencing Keene to fifty-eight years in prison for murder and a concurrent thirty-year term for gross sexual assault, as well as restitution "up to the amount of [$]15,000 actually expended" from the Victim's Compensation Fund. Keene appeals his conviction, and the Sentence Review Panel granted his application for review of his sentence. *State v. Keene*, No. SRP-19-397 (Me. Sent. Rev. Panel Jan. 2, 2020).

## II. DISCUSSION

[¶4] Keene's first argument—that the court erred by failing to transfer venue of the matter based on the significant pretrial publicity about the case in Hancock County—is not persuasive. Although Keene's trial attorney discussed the possibility of a change of venue at a pretrial hearing, Keene never moved for a change of venue. *See* M.R.U. Crim. P. 21(b)(1). In addition, Keene did not demonstrate that "the pretrial publicity ha[d] the immediacy, the intensity, or

the invidiousness sufficient to arouse general ill will and vindictiveness against [him] at the time of jury selection," and, in fact, Keene agrees that an impartial jury was chosen over the course of one day. *State v. Lowe*, 2015 ME 124, ¶¶ 16-17, 124 A.3d 156 (quotation marks omitted); *see State v. Black*, 2016 ME 9, ¶ 13, 131 A.3d 371. We discern no obvious error in the court's failure to, sua sponte, change venue in these circumstances.[1] *See* M.R.U. Crim. P. 52(b); *Black*, 2016 ME 9, ¶ 10, 131 A.3d 371; *State v. Pabon*, 2011 ME 100, ¶ 29, 28 A.3d 1147.

[¶5] We also conclude that, viewed in the light most favorable to the State, there is sufficient competent evidence in the record on which a jury reasonably could find, beyond a reasonable doubt, that Keene committed each element of both crimes. *See Gatto*, 2020 ME 61, ¶ 16, --- A.3d ---. Among the evidence presented at trial was video security footage showing Keene and the victim entering the school grounds together on the date and time in question, Keene later dragging the victim's lifeless body toward the area where her body was later discovered, Keene washing off his legs and feet at the school spigot, and Keene leaving the school grounds alone; Keene's admission that he and the

---

[1] Keene also contends that the court erred by failing to record the pretrial conference. Contrary to this contention, it was Keene's obligation—not the court's—to provide a sufficient record from which the challenged rulings could be evaluated on appeal. *See Greaton v. Greaton*, 2012 ME 17, ¶ 6, 36 A.3d 913; *see also* M.R. App. P. 5(d).

4

victim had argued that evening; testimony that Keene led the search party away from the area where the victim's body was later discovered; testimony that Keene remarked that his "life [was] over" after the victim's body was found; and medical evidence establishing the nature and extent of the victim's injuries. This evidence, including all reasonable inferences that may be drawn from it, amply supports Keene's convictions for both intentional or knowing or depraved indifference murder[2] and gross sexual assault. *See* 17-A M.R.S. §§ 201(1)(A), (B), 251(1)(C)(1), (3), (E), 253(1)(A) (2020); *Gatto*, 2020 ME 61, ¶ 16, --- A.3d ---; *State v. Branch-Wear*, 1997 ME 110, ¶ 13, 695 A.2d 1169.

[¶6] Finally, Keene contends that the court imposed an improper murder sentence as a result of multiple procedural and substantive errors. We disagree. As it was obligated to do, the court thoughtfully established the basic sentence based on its objective consideration of the nature and seriousness of the crime and then determined the maximum period of incarceration—a term of years rather than the life sentence that the court might have imposed—by evaluating appropriate aggravating and mitigating factors. *See* 17-A M.R.S.

---

[2] *See State v. Cummings*, 2017 ME 143, ¶ 21, 166 A.3d 996 (stating that intentional or knowing murder and depraved indifference murder may be charged as alternatives in a single count and that "a unanimous verdict can be reached even if individual jurors disagree about whether the murder was intentional or knowing murder or a depraved indifference murder, as long as the evidence presented to the jury is sufficient to support each of the alternative theories" (citation omitted)).

§§ 1251, 1252(2)(A), 1252-C (2017);[3] *State v. Sweeney*, 2019 ME 164, ¶¶ 17, 20, 221 A.3d 130; *State v. Lord*, 2019 ME 82, ¶ 36, 208 A.3d 781; *State v. Waterman*, 2010 ME 45, ¶ 48, 995 A.2d 243; *State v. Gauthier*, 2007 ME 156, ¶¶ 33 n.7, 35, 939 A.2d 77; *see also State v. Shortsleeves*, 580 A.2d 145, 149-50 (Me. 1990). The court's award of restitution was also authorized by statute. *See* 5 M.R.S. §§ 3360(3), 3360-B, 3360-C, 3360-E, 3360-I (2020); 17-A M.R.S. §§ 1321, 1322(3), 1325(1), (2)(D), (4) (2017);[4] *State v. Bouchard*, 2005 ME 106, ¶ 22, 881 A.2d 1130; *State v. Berube*, 1997 ME 165, ¶¶ 18-19, 698 A.2d 509. In sum, the court did not misapply any legal principles or abuse its discretion in fashioning Keene's sentence as to either crime. *See* 17-A M.R.S. §§ 1251, 1252(2)(A); *Sweeney*, 2019 ME 164, ¶ 17, 221 A.3d 130; *see also State v. Reese*, 2010 ME 30, ¶ 28, 991 A.2d 806.

[¶7] Keene's remaining arguments are not persuasive, and we do not address them further.

---

[3] Sections 1251, 1252, and 1252-C have since been repealed and replaced, but both the former and current statutes contain the same substantive and procedural requirements as applicable to this matter. P.L. 2019, ch. 113, §§ A-1, A-2 (emergency, effective May 16, 2019) (codified at 17-A M.R.S. §§ 1602-1604 (2020)); *see State v. Hardy*, 489 A.2d 508, 512 (Me. 1985) (holding that "the wrongdoer must be punished pursuant to the law in effect at the time of the offense" rather than at the time of sentencing).

[4] The restitution statute has since been repealed and replaced, but those enactments do not affect the substance of this appeal. P.L. 2019, ch. 113, §§ A-1, A-2 (emergency, effective May 16, 2019) (codified at 17-A M.R.S. §§ 2001-2019 (2020)).

The entry is:

Judgment and sentences affirmed.

---

Lawrence C. Winger, Esq. (orally), Portland, for appellant Jalique Keene

Jalique S. Keene, appellant pro se

Aaron M. Frey, Attorney General, and Donald W. Macomber, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Hancock County Unified Criminal Docket docket number CR-2018-731
FOR CLERK REFERENCE ONLY